

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 8, 1949

Hon. B. B. Sapp, Director
and Executive Secretary
Teacher Retirement
System of Texas
Austin, Texas

Opinion No. V-926.

Re: Employment of a person
who receives service
retirement benefits un-
der Art. 2922-1, V.C.S.,
by boards, agencies, or
departments covered by
the Teacher Retirement
Law.

Dear Mrs. Sapp:

We quote from your recent letter:

"Section 5, Sub-section 1, of the Teacher
Retirement Law reads in part as follows:

"' . . . Any member who has accepted
service retirement shall be ineligible and
disqualified to resume and/or continue em-
ployment in the public schools of Texas,
and also shall be ineligible, and disqual-
ified to be otherwise employed in the pub-
lic schools of this State; . . .'

"We have interpreted this to mean that af-
ter a person has accepted retirement bene-
fits, he cannot be employed in any capaci-
ty by boards of common school districts,
boards of independent school districts,
county school boards, State Board of Trus-
tees, State Board of Education and State
Department of Education, boards of regents
of colleges and universities, and any oth-
er legally constituted board or agency of
an educational institution or organization
supported wholly or partly by the State.

"Are we correct in this interpretation?"

We are informed that you are not here concern-
ed with the employment of persons retired on August 31,
1942, and prior thereto, who are permitted under other

provisions of Subsection 1 of Section 5 to resume employment in the teaching profession. Since Attorney General Opinions numbered O-7155 and V-654 discuss in detail such employments, we shall not consider that matter.

Prior Attorney General Opinion No. O-5097, dated February 15, 1943, which was rendered before the above quoted provision of Subsection 1 of Section 5 was incorporated into the Teacher Retirement Law, held that a person retired for service might not be reemployed as a teacher under the Act. This opinion said further that it was clear that the Legislature intended that a person retired for service shall not be reemployed as a teacher. More recent Opinion No. V-654, dated August 6, 1948, points out that this legislative intention was announced in clear and unequivocal language by the insertion in the Teacher Retirement Law of the provision you quote and others related thereto.

The term "teacher," as defined for purposes of the Teacher Retirement Law, is much broader than the term normally connotes. Subsection (3) of Section 1, Article 2922-1, V.C.S., reads:

> "'Teacher' shall mean a person employed on a full-time, regular salary basis by boards of common school districts, boards of independent school districts, county school boards, State Board of Trustees, State Board of Education and State Department of Education, boards of regents of colleges and universities, and any other legally constituted board or agency of an educational institution or organization supported wholly or partly by the State. In all cases of doubt, the State Board of Trustees, hereinafter defined, shall determine whether a person is a teacher as defined in this Act. A teacher shall mean a person rendering service to organized public education in professional and business administration and supervision and in instruction, in public schools as defined in Subsection (2) of this Section."

Persons included in this definition, save for specified exceptions, are covered by the Teacher Retirement System Law and are members of the retirement system

as a condition of their employment. Sec. 3, Subd. (2), as amended.

The 51st Legislature in Senate Bill No. 333, made auxiliary employees eligible for membership in the Teacher Retirement System and defined "auxiliary employees" (Subsec. (3a), Sec. 1, Art. 2922-1) as follows:

"'Auxiliary employee' shall mean a person, other than a 'teacher' as hereinabove defined, employed on a full-time, regular salary basis by a common district, independent school district, county school board, the Teacher Retirement System of Texas, State Board of Education, State Department of Education, boards of regents of colleges and universities, and any other legally constituted board or agency of an educational institution or organization supported wholly or partly by the State. Provided, however, that no person who is employed by the State Board of Control in eleemosynary institutions under its control, shall be considered to be an 'auxiliary employee' within the contemplation of this subsection. In all cases of doubt, the State Board of Trustees shall determine whether a person is an auxiliary employee as defined by this Act."

Such persons, save for certain exceptions, will be covered by the Teacher Retirement System Law and become members of the system as a condition of their employment. Sec. 3, Subd. (3) (a), (b) and (c), Subd. (4) (a) and (b), Art. 2922-1, as amended.

Subsection 1 of Section 5, as quoted herein, concerns any member who has accepted service retirement, be he a retired "teacher" member or a retired "auxiliary employee" member. In substance it provides that any such member is ineligible and disqualified to resume employment in the public schools and ineligible and disqualified to be otherwise employed in the public schools of Texas. This clearly means that such retired member shall not resume or continue employment in any capacity in the public schools of Texas, and such retired member is disqualified for employment in any capacity in the public schools of Texas. Since retired members are thus made ineligible for employment

in the public schools, it follows that the boards (designated in Subsec. (3) and (3a) of Sec. 1) are precluded from employing any such members in any capacity.

The term "public school," as defined for purposes of the Teacher Retirement Law, is much broader than the term normally connotes. Subsection (2) of Section 1 of Article 2922-1, V.C.S., reads:

"'Public School' shall mean any educational organization supported wholly or separately by the State under the authority and supervision of a legally constituted board or agency having authority and responsibility for any function of public education."

By virtue of this definition the State Board of Education, the State Department of Education, State Board of Trustees of the Teachers Retirement System of Texas, and the State Colleges and Universities are included in "public schools of Texas" as provided in subsection (2) of Section 1, when considered along with subsections (3), (3a), and (5) of Section 1, Article 2922-1, V.C.S., as amended.

Therefore, in the light of the law and the opinions above considered, it is our conclusion that a person who has accepted service retirement under the Teacher Retirement Law cannot lawfully be employed in any capacity by boards of common school districts, boards of independent school districts, county school boards, State Board of Trustees (Teacher Retirement System of Texas), State Board of Education and State Department of Education, boards of regents of colleges and universities or any other legally constituted board or agency of an educational institution or organization supported wholly or partly by the State.

## SUMMARY

Because of the plain provisions of the Acts of the Legislature, a person who has accepted service retirement under the Teacher Retirement Law cannot lawfully be employed in any capacity by boards of common school districts, boards of independent school districts, county school boards, State Board of Trustees (Teacher Retirement System

of Texas), State Board of Education and State Department of Education, boards of regents of colleges and universities or any other legally constituted board or agency of an educational institution or organization supported wholly or partly by the State. Art. 2922-1, Sec. 1, Subsecs. (2), (3), (3a) and (5), Sec. 5, Subd. 1, V.C.S., as amended by S. B. 333, 51st Leg.; A. G. Opinions O-5097, V-654.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:mw:bh

APPROVED

*Joe R. Greenhill*

FIRST ASSISTANT
ATTORNEY GENERAL